UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GARRISON,

    *Plaintiff*,

v.

ROY R. KRANZ, *Assistant United States Attorney*; UNITED STATES MARSHAL SERVICE for the EASTERN DISTRICT of MICHIGAN,

    *Defendants*.
_____/

CASE NO. 10-CV-14259

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**
(Doc. 12)

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that the case be dismissed in its entirety.[1]

## II.   REPORT

### A.   Introduction

Plaintiff filed the instant *pro se* complaint under 28 U.S.C. § 1821 on October 25, 2010. (Doc.1.) The complaint seeks witness attendance and mileage allowance fees for Plaintiff's testimony before a grand jury on March 24, 2010. On October 26, 2010, United States District

---

[1] To the extent that Plaintiff's reply asserts a "request for cross summary judgment" and "renewed request for appointment of counsel," I suggest that they should be denied as moot. (Doc. 14.)

Judge Thomas L. Ludington referred the case for general case management to the undersigned magistrate judge. (Doc. 2.)

On February 17, 2011, Defendants filed a motion to dismiss or for summary judgment, which is currently before the Court. (Doc. 12.) Plaintiff responded on February 25, 2011 (Doc. 14), and Defendant replied on March 9, 2011. (Doc. 16.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation.

### B.     Summary Judgment Standards[2]

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-

---

[2] Since the Court refers to and relies on evidence beyond the pleadings, the motion will be treated as one for summary judgment.

moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

    **C.**    **Background, Analysis and Conclusion**

Plaintiff's complaint alleges that he was subpoenaed by the government to appear and did appear before a Grand Jury on March 24, 2010. (Doc. 1 ¶ 1.) At the time, Plaintiff "resided on E. Broadway in Mt. Pleasant, Michigan and was forced to drive to the U.S. Courthouse in Bay City, Michigan in order to testify." (Doc. 1 ¶ 2.) Plaintiff states that he traveled approximately 86 miles

3

round trip. (*Id.*) It is undisputed that Plaintiff was entitled to witness fees, i.e., an attendance fee and mileage costs, in the amount of $84.00.[3]

The government contends that a check was issued and sent to Plaintiff at the Mount Pleasant address on April 9, 2010. (Doc. 16, Ex. A ¶ 4.) Plaintiff states that he did not receive the check. He alleges that in April 2010 he notified the government via telephone that he was no longer residing in Mount Pleasant and requested that any correspondence be sent to his sister's address in Clare, Michigan. (Doc. 1 ¶ 4; Doc. 16 at 2.) It is unclear whether this call was made before or after April 9, 2010, the date the check was issued and mailed to the Mount Pleasant address.

The government indicates that Plaintiff "called this office sometime in June 2010, stated that he had not received the check, and speculated that his aunt may have thrown it away." (Doc. 16, Ex. A ¶ 5.) Plaintiff states that, "[a]fter waiting a significant period of time," which could correspond to the June call cited by the government, he called the government's offices and was told that the check had been sent to his former Mount Pleasant address despite his request that the check be sent to his sister's address in Clare. (Doc. 1 ¶ 5.)

Plaintiff filed the instant suit on October 25, 2010, seeking to enforce 28 U.S.C. § 1821(b) and (c)(2), the statutes that provide for witness attendance fees of $40 per day and a travel allowance based on mileage. On November 10, 2010, Plaintiff cashed a U.S. Treasury check in the amount of $84, which represented the appropriate attendance fee and mileage allowance. (Doc. 12, Ex. A.) Therefore, Plaintiff's original complaint has been satisfied. In Plaintiff's responsive brief, however, Plaintiff argues that he should receive "additional monetary damages . . . as a result of

---

[3] Although Plaintiff asked for $83.00 in his complaint, the check that Plaintiff cashed was drawn for $84.00 and neither the government nor Plaintiff dispute this amount. (Doc. 12, Ex. A; Doc. 16 at 2.)

4

not receiving his witness fees for nearly a year later and incurring additional costs as a result of being forced to file the instant litigation." (Doc. 14 at 1.)

The United States Supreme Court has held, however, that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). Plaintiff provides no statutory or contractual authorization for this Court to award "damages" for a delay in processing witness fees. I therefore suggest that the Court is without the authority to do as Plaintiff requests.[4]

### D. Conclusion

Accordingly, I suggest that summary judgment be granted to Defendants and the case be dismissed in its entirety.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v.*

---

[4] I note that this case does not present a situation where the evidence shows that the government purposely shirked or delayed its obligation to pay, such that the court's general power to sanction should be utilized. *See In re Electro-Mechanical Industries*, 359 Fed. App'x 160, 166 (5th Cir. 2009) ("Unless explicitly authorized by statute, however, to award fees in excess of those allowed under § 1821, a court must make a finding of fraud or abuse of the judicial process before a trial court can invoke its inherent sanctioning power to impose [] witness fees in excess of the § 1821(b) cap.").

*Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                   s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

                                                                     CHARLES E. BINDER
Dated: March 22, 2011                                             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on all attorneys of record via the Court's CM/ECF system and served on the following non-ECF participant via the United States Postal Service: Michael Garrison, Midland County Jail, 105 Fast Ice Drive, Midland, MI 48642-6168.

Date: March 22, 2011                By     s/Patricia T. Morris
                                                             Law clerk to Magistrate Judge Binder