UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GARRISON,

        Plaintiff,

                                            Case Number 10-14259
                                            Honorable Thomas L. Ludington

v.

ROY KRANZ, et al.,

        Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE BINDER'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

On October 25, 2010, Plaintiff Michael Garrison ("Plaintiff") filed a pro so complaint pursuant to 28 U.S.C. § 1821 [Dkt. #1], seeking witness attendance and mileage allowance for his testimony before a grand jury on March 24, 2010. The case was referred to Magistrate Judge Charles E. Binder for general case management on October 26, 2010 [Dkt. #2].

Defendants filed a motion to dismiss or for summary judgment on February 17, 2011 [Dkt. #12]. Defendants generally contend that Plaintiff's complaint does not state a cognizable claim and/or cannot demonstrate a genuine issue of material fact with respect to whether his witness fees and mileage reimbursement were paid. This matter is now before the Court on a report and recommendation regarding Defendants' motion to dismiss or for summary judgment issued by Judge Binder on March 29, 2011 [Dkt. #18]. Judge Binder concluded that Defendants' motion to dismiss or for summary judgment should be granted because Plaintiff cashed a United States treasury check for $84, the appropriate attendance fee and mileage allowance, on November 10, 2010. As a result, Plaintiff's original complaint has been satisfied. Judge Binder also concluded that Plaintiff has

provided no statutory or contractual authorization for the Court to award damages for a delay in processing witness fees as he requests in his response to Defendants' motion. On March 29, 2011, Plaintiff filed an objection to Judge Binder's report and recommendation [Dkt. #19]. Defendants did not file an objection or a response to Plaintiff's objection.

The Court has reviewed the report and recommendation, and agrees that Plaintiff's original complaint has been satisfied and there is no statutory or contractual authorization for the Court to award damages for a delay in processing witness fees. Accordingly, the Court will overrule Plaintiff's objections, adopt Judge Binder's report and recommendation, and grant Defendants' motion to dismiss or for summary judgment.

I

Plaintiff's complaint alleges that he was subpoenaed by the government to appear and did appear before a grand jury on March 24, 2010. At the time, Plaintiff "resided on E. Broadway in Mt. Pleasant, Michigan and was forced to drive to the U.S. Courthouse in Bay City, Michigan in order to testify." [Dkt. #1 ¶ 2.] Plaintiff states that he traveled approximately 86 miles round trip. It is undisputed that Plaintiff was entitled to witness fees, i.e., an attendance fee and mileage costs, in the amount of $84.00.

The government contends that a check was issued and sent to Plaintiff at the Mount Pleasant address on April 9, 2010. Plaintiff states that he did not receive the check. He alleges that in April 2010 he notified the government via telephone that he was no longer residing in Mount Pleasant and requested that any correspondence be sent to his sister's address in Clare, Michigan. (Doc. 1 ¶ 4; Doc. 16 at 2.) It is unclear whether this call was made before or after April 9, 2010, the date the check was issued and mailed to the Mount Pleasant address.

The government indicates that Plaintiff "called this office sometime in June 2010, stated that he had not received the check, and speculated that his aunt may have thrown it away." [Dkt. #16, Ex. A.] Plaintiff states that, "[a]fter waiting a significant period of time," which could correspond to the June call cited by the government, he called the government's offices and was told that the check had been sent to his former Mount Pleasant address despite his request that the check be sent to his sister's address in Clare. [Dkt. #1 ¶ 5.]

Plaintiff filed the instant suit on October 25, 2010, seeking to enforce 28 U.S.C. § 1821(b) and (c)(2), which provide for witness attendance fees of $40 per day and a travel allowance based on mileage. On November 10, 2010, Plaintiff cashed a United States Treasury check in the amount of $84, which represented the appropriate attendance fee and mileage allowance. [Dkt. #12, Ex. A.]

**II**

Plaintiff has made two objections to the magistrate judge's report and recommendation. Each will be discussed separately below.

**A**

Plaintiff's first objection is to Judge Binder's conclusion that his request for appointment of counsel is moot. Plaintiff argues that his motion is not moot because he has does not have access to a law library or a photocopier in order to access legal authority in support of his arguments or to challenge the case authority cited by Defendants.

Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir.1993). Rather, it is a "privilege that is justified only by exceptional circumstances." *Id.* at 606 (citation and quotation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type

of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.' " *Id.* (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985)). Moreover, it is the practice of this Court to defer any attempt to obtain counsel for pro se plaintiffs until after motions to dismiss or motions for summary judgment have been denied. *See Chambers v. Straub*, No. 05-74046, 2006 WL 1235749, at *1 (E.D. Mich. May 8, 2006). Because Plaintiff's claims will not survive Defendants' motion to dismiss, as will be discussed further below, his objection will be overruled.

**B**

Plaintiff's second objection is to Judge Binder noting that this case does not present a situation where the evidence shows the government purposely shirked or delayed its obligation to pay the witness attendance fees and travel allowance owed to Plaintiff. *See In re Electro-Mechanical Industries*, 359 F. App'x 160, 166 (5th Cir. 2009) ("Unless explicitly authorized by statute, however, to award fees in excess of those allowed under § 1821, a court must make a finding of fraud or abuse of the judicial process before a trial court can invoke its inherent sanctioning power to impose [] witness fees in excess of the § 1821(b) cap."). Plaintiff's objection generally contends that the government did shirk or delay its obligation to pay him by sending the check to the wrong address and then refusing to pay the witness fee for nearly a year after he repeatedly requested payment.

Plaintiff's objection does not offer any evidentiary support that Defendants purposely abused the judicial process but instead states his general disagreement with Judge Binder's disposition of the issue. Plaintiff also does not identify any legal or factual findings that were in error. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution

is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, Plaintiff's objection will be overruled.

### III

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt. #19] are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation [Dkt. #18] is **ADOPTED**.

It is further **ORDERED** that Defendants' motion to dismiss or in the alternative for summary judgment [Dkt. #12] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint [Dkt. #1] is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 5, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Michael Garrison, at Midland County Jail, 105 Fast Ice Drive, Midland, MI 48642-6168 first class U.S. mail on August 5, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS